H. D. MANDEVILLE et al., Trustees, &c., of the PLANTERS' BANK, *v.* A. J. BRACY et al.

1. BANKS: RIGHT OF DEBTOR TO PAY IN BANK-NOTES.—A bank debtor in this State, whose debts have been assigned to trustees for the benefit of the creditors of such bank, has the right under the Act of 1840, (Hutch. Dig. 328; Art. 20, § 2,) to pay a judgment rendered against him in favor of the trustees, in the notes of the bank at par; and his right in this respect is not affected by the fact, that the judgment was originally rendered against him, only for the actual value of the bank-notes, being less than the nominal amount of his indebtedness.

2. EVIDENCE: PAROL: INADMISSIBLE TO EXPLAIN RECORD.—On a trial of a motion to set aside an entry of satisfaction on an execution in favor of the bank, upon the ground that the payment was made in the notes of the bank, it is incompetent to introduce parol evidence, to show that the judgment was rendered only for the actual value of the bank-notes.

APPEAL from the Supreme Court of Chancery. Hon. Charles Scott, chancellor.

H. D. Mandeville and others, who were trustees in an assignment made by the Planters' Bank for the benefit of its creditors, filed their bill in the Superior Court of Chancery, to enforce the payment of a judgment which had been rendered in favor of the bank, against the defendants in the Circuit Court of Holmes county, in 1843, and which was embraced in said assignment. The equity of complainants' bill, was that they were the equitable owners of the judgment as trustees, &c.; and that the bank, after

the assignment, had been ousted of its franchises, by a proceeding in the nature of a writ of *quo warranto;* and that defendants were indebted and refused to pay. On final hearing the chancellor rendered a decree in their favor for the amount of the judgment and interest, and awarded an execution therefor, as at law. Execution having been issued, and placed in the hands of the sheriff, he returned it satisfied, by a payment to him of the amount of the decree in the notes of the bank. The trustees then moved the court to set aside said entry, and to award a new execution for specie.

On the trial of this motion, the complainants showed that the judgment was rendered on a note of defendants, for $1000, upon their plea of the general issue, that the amount of the judgment was exactly one-fourth part of this sum, with interest thereon. They also introduced the affidavit of two of the jurors who rendered the verdict; in which they stated, that they believed that the verdict was rendered for the one-fourth part of the debt, because the notes of the Planters' Bank at that time, were only worth twenty-five cents on the dollar.

The chancellor overruled the motion, and the trustees appealed.

*George L. Potter*, for appellants.

It appears from the evidence that the defendants have already received the benefit of the depreciation of the bank-notes, when the judgment was recovered against them; they cannot therefore insist on paying the decree in bank-notes, for that would give them the benefit of a double discount on account of the depreciation; they scaled the note to the specie value of the paper, and judgment was rendered for one-fourth the nominal amount of the note and interest, and now they insist on paying that specie judgment in paper.

But there is another conclusive reason why the motion should have been sustained; the bills being produced, identified, and tendered on the trial. If defendants were entitled to any deduction on account of the depreciation of the bank's issues, they should have obtained it on due proof before the commissioner appointed to take the account—complainants being assignees, were entitled

to a decree for so much *specie,* and could not be compelled to receive the issues of the bank in payment.

At no time during the pendency of the suit did the defendants insist on their right to pay in the issues of the bank, nor suggest that those issues were depreciated. They voluntarily waived all claim and controversy as to those matters, and permitted the bill to be taken for confessed against them, and a decree to go for the full amount. In a like case this court said : " the judgment fixes the rights of the parties," and that the assignee of the bank, "is not bound to submit to a payment in bank-notes." *Commercial Bank of Columbus* v. *Thompson,* 7 S. & M. 448.

In another case it was held, that the right of the debtor to pay in bank-notes, was limited to cases where the debt *belonged to the bank at the time of the proposed payment;* that, as between an assignee of the bank and the debtor, " *the value of the notes* constitutes the measure of liability." *Robson* v. *Manchester R. R. Co.,* 7 S. & M. 739.

In a still later case, where the defendants claimed, *by answer,* a right to pay in the depreciated issues of the bank, this court held that the assignee was not bound to take such issues, but was entitled to " the market value" of those issues. *Railey* v. *Bacon,* 4 Cushm. 460.

It is plain, therefore, in cases where the demand of the assignee is dependent on the value of the bank's paper, that the *measure of the recovery* must be ascertained by the commissioners appointed to report the amount due, and then the decree goes for *specie.*

On these grounds we insist that the motion should have been sustained, and a new execution awarded.

*Freeman* and *Dixon,* for appellees,

Insisted that the evidence introduced on the trial to show how the judgment came to be rendered for a less sum than the note, was illegal, and moreover if admissible, was entirely insufficient; and that the Statute of 1840, (Hutch. Dig. 328,) expressly authorized the payment of the debt to the bank, in its own issues.

*T. J. Wharton,* on same side.

Mandeville et al. *v.* Bracy et al.

FISHER, J., delivered the opinion of the court.

The complainants as trustees of the president, directors, and company of the Planters' Bank, filed their bill in the Superior Court of Chancery, for the purpose of enforcing a judgment recovered by the bank in 1843, in the Circuit Court of Hinds county, against the defendants.

A decree was pronounced in favor of the complainants for the amount of the judgment and interest; whereupon an execution issued as at law, and the sheriff received in payment the issues of the Planters' Bank. A motion was made in the court below to set aside this entry of satisfaction, and to have another execution, with a view of collecting par funds, or in other words *specie*, which motion being overruled, the complainants have prosecuted this appeal.

An effort has been made to show that the suit in favor of the bank was brought on a note for $1000, and proof being made on the trial that the issues of the bank were greatly depreciated, a judgment was rendered for the actual value of the issues of said bank, and not for their nominal value. Hence it is argued, that if the entry should stand upon the execution, the defendants will twice receive the benefit of the depreciation of the bank issues.

If the facts be as alleged by counsel, in regard to the recovery of the judgment in the Circuit Court, that court certainly committed a very gross error; but the complainants only remedy was by appeal or writ of error, and not electing to pursue one or the other of those remedies, the question must be regarded as finally settled, especially as the record does not sustain the statements of counsel. It is certainly too late, for the first time, to attempt to show that the judgment was rendered for the specie value of the Planters' Bank issues, upon the motion to set aside the entry of satisfaction on the execution, which was issued upon the decree; and especially when such showing has to be made by vague, and indefinite affidavits of some of the jurors, who found the verdict in the Circuit Court.

Under the Statute of 1840, the defendants had the right to pay the judgment in the issues of the bank, and this right has in no manner been impaired by the assignment to the complainants.

Decree affirmed.